(No. 92-CC-3361—<span></span>

Verga Gaston, Claimant, *v.* The State of Illinois, Respondent.

*Order filed December 22, 1998.*

Legal Assistance Foundation of Chicago (Jennifer Payne, of counsel), for Claimant.

Jim Ryan, Attorney General (Michael F. Rocks, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Sommer, C.J.

This cause is before the Court on Claimant's motion for sanctions, Respondent's motion to dismiss (better titled motion for summary judgment) and Claimant's response thereto.

The parties have devoted a great deal of time arguing about the form of the complaint and amended complaint. Respondent treated Claimant's original complaint as a lapsed appropriation claim. Claimant later clarified that it is a claim for denial of benefits. The issue before the Court is whether Claimant was wrongly denied a benefit and, if so, whether this Court should make this award.

The history of this claim is as follows: In January of 1991, the Department of Children and Family Services ("DCFS") placed custody of three children with their mother under a protected supervision. In July of that same year, DCFS employees learned that these three children were not being cared for by their mother, but rather by their grandmother, Verga Gaston, the Claimant. In November of 1991, DCFS obtained custody of these three children and they were placed with Claimant. It has been alleged and remains undisputed that DCFS employees knew that the three children were in Verga Gaston's home from July 1991 and that Ms. Gaston did not receive foster care payments until the children were officially placed with her four months later.

Claimant filed a complaint with this Court on June 30, 1992 seeking $2,853.06, the amount of foster care benefits denied from July 1 to November 1, 1991, with some adjustment for later overpayments. The Attorney General moved to dismiss this complaint on March 29, 1994, treating it as a lapsed appropriation claim, and arguing that because DCFS did not receive legal custody until November 1, 1991, Claimant was owed no money. Again, the nature of the complaint (lapsed appropriation v. denial of benefits) is not particularly relevant.

Claimant did not respond to this motion to dismiss, and it was eventually granted on June 29, 1994. Claimant sought leave to amend her complaint and did file an amended complaint on August 29, 1994. The claim was referred to a Commissioner for hearing.

Since that time, the parties have argued about discovery. Claimant forwarded interrogatories and a request to produce to Respondent on or about December 22, 1993. Claimant has filed a motion to compel and a motion for sanctions. The motion to compel was granted by

Commissioner Sternik on November 18, 1997 and Respondent was ordered to respond to discovery within forty-five days. To this day, Respondent has not answered them. Respondent's failure to answer discovery and to ignore an order of a Commissioner of this Court is inexcusable.

Respondent's handling of this case has resulted in many hours of additional work for Claimant and the Court, and delayed this action for several years. For that reason, the Court is granting Claimant's motion for sanctions and awarding Claimant's attorney $500 as a sanction for delay and additional work.

As to the substance of Claimant's claim, Respondent argues that DCFS is not responsible for Claimant's grandchildren unless and until DCFS has legal custody of the children. DCFS did not have custody of the children in question until November of 1991. Furthermore, there is no mechanism for paying Claimant for substitute care until DCFS had custody. The fact that a DCFS caseworker knew that Claimant was caring for these children in no way entitles Claimant to any payments.

Claimant's response to Respondent's motion does not address these arguments, but only argues that this is not a lapsed appropriation claim. As mentioned above, the description of this claim is not particularly relevant.

Furthermore, it is this Court's opinion that Claimant did not exhaust its administrative remedies by appealing the decision not to grant substitute care to the three Gaston children. While the DCFS regulations were not as clear in 1991 as they are today, it seems that an administrative appeal was available at that time. Payment issues are not specifically mentioned in DCFS regulations as they appeared in section 309.4 ("What May Be Appealed") or in

section 309.5 ("What May Not Be Appealed Through the Review and Appeal Process") in the 1991 version. Section 309.4 did contain a "catchall" provision that allowed appeals for "(12) any issue of Department service policy when the child or family is aggrieved by its application to them." 89 Ill. Adm. Code 309.4.

This provision is broad enough to cover appeals from DCFS's decision not to grant substitute care services to the Gaston children in 1991 and pay for them. Claimant, therefore, had an administrative remedy through the appeals process at DCFS, and failed to exhaust it. Claimant is required to exhaust administrative remedies (74 Ill. Adm. Code 790.60) and failure to do so is a ground for dismissal. (74 Ill. Adm. Code 790.90.)

It is hereby ordered that summary judgment is awarded to Respondent and this claim is closed. It is also ordered that Claimant's attorney is awarded $500 as a sanction to cover attorney fees to bring this motion.